IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00592-GPG

SHAUNTIEL DENELLE GOREE,

    Applicant,

v.

LAURIE TAFOYA, Warden La Vista Correctional Facility, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Shauntiel Denelle Goree, is a prisoner in the custody of the Colorado Department of Corrections. Ms. Goree has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Ms. Goree is challenging the validity of her conviction and sentence in Arapahoe County District Court case number 94CR782.

    On March 26, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 28, 2015, Respondents filed their Pre-Answer Response (ECF No. 12) arguing that the application is barred by the one-year limitation period. On June 9, 2015, Ms. Goree filed "Applicant's Reply to Respond[e]nt[s'] Pre-Answer Response" (ECF No. 16).

The Court must construe the application and other papers filed by Ms. Goree liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

The Colorado Court of Appeals described the relevant factual and procedural background as follows:

> In 1994, defendant and two accomplices stabbed two women to death. The People charged defendant with two counts of first degree murder after deliberation; two counts of felony murder; one count each of conspiracy, burglary, and robbery; and three crime of violence counts. Before trial, the prosecution proposed a plea agreement to defendant pursuant to which she would plead guilty to attempted second degree murder and agree to testify against her codefendants, and the prosecution, in exchange, would seek a sentence of no more than twelve years in prison for the offense. Defendant rejected that offer.
>
> A jury convicted defendant of all counts, and the district court sentenced her to four consecutive life sentences without the possibility of parole on each of the first degree murder and felony murder convictions, and additional consecutive prison terms totaling ninety-six years on the remaining convictions. On direct appeal, a division of this court vacated defendant's first degree murder and felony murder convictions because they merged, remanded the case for correction of the mittimus to show that defendant was convicted of one first degree murder count per victim, and affirmed the remainder of the convictions and sentences. *See People v. Goree*, (Colo. App. No. 95CA0571, Dec. 12, 1996) (not published pursuant to C.A.R. 35(f)).
>
> In December 2007, defendant filed a cursory Crim. P. 35(c) motion which was supplemented by court-appointed counsel in March 2011. In the supplemental motion, defendant alleged that she had rejected the plea offer

> because her codefendant had threatened her and her family if she accepted it, and, because the two attorneys who represented her throughout her trial had failed to investigate those threats, she had received ineffective assistance of counsel.
>
> Following a hearing at which defendant, her mother, her trial attorneys and the prosecuting attorney testified, the court denied defendant's motion in a detailed written order. The court found, based on the testimony of her trial attorneys and her interactions with the codefendant during the trial, that counsel neither knew about the threat or had any reason to suspect that she had rejected the plea because of a threat. Thus, because counsel were unaware of the threat, the court concluded that their failure to investigate the same could not constitute deficient performance, and her ineffective assistance of counsel claim necessarily failed.

*People v. Goree*, No. 12CA0447, slip op. at 1-3 (Colo. App. Aug. 22, 2013) (ECF No. 12-8 at 2-4). On June 16, 2014, the Colorado Supreme Court denied Ms. Goree's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 12-10.)

Ms. Goree initiated this action on March 20, 2015, asserting two claims for relief. She first claims trial counsel were ineffective by failing to investigate and make the trial court aware of her codefendant's threats, which caused her to reject a favorable plea agreement. She contends in her second claim that her Fifth and Sixth Amendment rights were violated because the trial court denied her motions for a severance.

As noted above, Respondents argue that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

3

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the date on which Ms. Goree's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The starting point for this determination is September 25, 1997, the date the trial court entered an amended judgment of conviction on remand following Ms. Goree's direct appeal. (*See* ECF No. 12-1 at 15-16.)  Because Ms. Goree did not appeal following entry of the amended judgment of conviction, her conviction became final when the time to file an appeal expired.  Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable when the amended judgment of conviction was entered, Ms. Goree

had forty-five days to file a notice of appeal.  The forty-fifth day after September 25, 1997, was Sunday, November 9, 1997, which means the filing deadline extended one additional day until Monday, November 10, 1997.  See C.A.R. 26(a).  Therefore, Ms. Goree's conviction was final on November 10, 1997.

Ms. Goree does not allege or argue that she was prevented by unconstitutional state action from filing this action sooner, she is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and she knew or could have discovered the factual predicate for her claims before her conviction became final.  See 28 U.S.C. § 2244(d)(1)(B) - (D).  As a result, the Court finds that the one-year limitation period began to run when her conviction became final on November 10, 1997.

Ms. Goree did not initiate this action within one year after November 10, 1997.  Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that [s]he has been pursuing h[er] rights diligently" and "that some extraordinary circumstance stood in h[er] way" and prevented her from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate she pursued her claims diligently, the petitioner must "allege with specificity 'the steps [s]he took to diligently pursue h[er] federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

On December 11, 1997, Ms. Goree filed a postconviction motion for

6

reconsideration of her sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 12-1 at 15.)  The trial court denied the Rule 35(b) motion on February 16, 1998, and Ms. Goree did not appeal.  (*See id.*)  Respondents concede that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the Rule 35(b) motion was pending and that the Rule 35(b) motion remained pending until the time to appeal from the denial of that motion expired on April 2, 1998.  However, Respondents are correct that the time after November 10, 1997, when Ms. Goree's conviction became final, and before December 11, 1997, when she filed the Rule 35(b) motion, counts against the one-year limitation period.  That period of time was 30 days.  Therefore, only 335 days (365 - 30 = 335) remained when the one-year limitation period began to run again on April 3, 1998.

The remaining 335 days ran unabated after April 3, 1998, until the one-year limitation period expired in March 1999.  Because the one-year limitation period expired before Ms. Goree filed her postconviction Rule 35(c) motion in December 2007, the Rule 35(c) motion did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Ms. Goree argues that this action should not be dismissed as untimely because she was housed in prisons outside of Colorado from 1995 until 2006; she had no access to Colorado legal research materials during that time; she filed a Rule 35(c) motion in the trial court in December 2007; the state court proceedings relevant to the Rule 35(c) motion remained pending until the Colorado Supreme Court denied her

petition for writ of certiorari on June 16, 2014; and she filed the instant action on March 20, 2015, less than one year after the state court Rule 35(c) proceedings concluded. Ms. Goree also contends that she had no one to assist her before and after the state court Rule 35(c) proceedings and she specifically alleges the following with respect to the time after the Rule 35(c) proceedings concluded:

> After my writ was denied in 2014, Leslie Goldstein, my attorney, told me that I could file a Federal Habeas Corpus and that I only had a year to do so, she could not file it for me because she said she wasn't versed in federal law then she ended our attorney client relationship. Then I wrote the Federal Public Public [sic] Defenders office and requested an Application. They sent me the application, along with a letter stating they could not represent me unless they were appointed to my case, but encouraged me to file it on my own. I held on to it until March 2015, because I had no idea where to begin and no one to help me. A friend of mine decided to try and help me, we did the application and filed it March 20, 2015.

(ECF No. 16 at 3.)

Ms. Goree fails to allege facts that justify equitable tolling of the one-year limitation period. For one thing, she fails to identify extraordinary circumstances that prevented her from filing in a timely manner. The fact that Ms. Goree was incarcerated outside of Colorado when the one-year limitation period commenced and expired, by itself, does not justify equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (alleged lack of access to relevant legal materials while housed out of state not sufficient to justify equitable tolling). The fact that Ms. Goree was not represented by counsel before and after the state court Rule 35(c) proceedings also is not an extraordinary circumstance that might justify equitable tolling. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not

excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also Horton v. Kaiser*, No. 99-6285, 2000 WL 216614 at *2 (10th Cir. Feb. 23, 2000) ("the unavailability of counsel or other 'trained persons' to assist him does not constitute proper 'cause' to justify his failure to file a timely petition").

Furthermore, even if the one-year limitation period could be tolled for equitable reasons until Ms. Goree was returned to a Colorado prison in 2006, she still fails to allege facts that demonstrate she pursued her claims diligently. Ms. Goree does not specify when in 2006 she was returned to a prison in Colorado, but the record is clear that she did not file any postconviction motions in the trial court until she filed her Rule 35(c) motion on December 13, 2007. (*See* ECF No. 12-1 at 15.) Ms. Goree's failure to pursue her claims in 2006 and almost all of 2007 does not demonstrate diligent pursuit of those claims. Waiting more than nine months to file the instant action after the state court Rule 35(c) proceeding concluded in June 2014 also demonstrates a lack of diligence. Although the Rule 35(c) motion was timely, in part, as a matter of state law, that fact does not alter the Court's analysis. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit restarting a filing period that expired before a timely state petition was filed).

Finally, the Court construes Ms. Goree's statement that she has "continued to plead [her] innocence throughout this case" (ECF No. 16 at 1) as an actual innocence argument. A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928

(2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires a petitioner "to support h[er] allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted h[er] in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1924. Although the actual innocence test does not require a showing of diligence, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Ms. Goree's vague and conclusory assertion that she has continued to plead innocence throughout this case falls far short of the showing necessary to support a credible claim of actual innocence under *Schlup*. Therefore, the Court finds no basis for an equitable exception to the one-year limitation period based on actual innocence.

In conclusion, the application is barred by the one-year limitation period in § 2244(d) and will be dismissed for that reason. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See*

*Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is dismissed as untimely.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Applicant's motion for appointment of counsel (ECF No. 15) is denied.

DATED at Denver, Colorado, this  19th  day of      June         , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court